have been potentially liable. The court's conclusion that the company was bound to represent its insured was based on the allegations of the complaint and on the terms of the policy; it did not espouse the plaintiffs' proposition that an insurance company should consider known facts outside the complaint.

The plaintiffs have cited several cases from other jurisdictions which do state that insurance companies must consider facts known to them which conflict with a complaint when they determine whether there is potential coverage under their policies. (*Crum v. Anchor Casualty Co.* (1963), 264 Minn. 378, 119 N.W.2d 703; *Albuquerque Gravel Products Co. v. American Employers Insurance Co.* (10th Cir. 1960), 282 F.2d 218; *Hardware Mutual Casualty Co. v. Hilderbrandt* (10th Cir. 1940), 119 F.2d 291; see also Annot., 50 A.L.R.2d 458 (1956).) While these cases are impressive they are contrary to prevailing Illinois law.

Because we hold that the defendants did not have the duty to represent the plaintiffs, we need not reach the issue raised by The Home Insurance Company regarding the effect of the exclusionary clause in its policy concerning the "business pursuits" of those it insured.

The order of the trial court is affirmed.

Affirmed.

McGLOON, P. J., and MEJDA, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT G. EDMONDS, a/k/a JOSEPH EVANS, Defendant-Appellant.

(No. 59751;

First District (3rd Division)—January 9, 1975.

524

PER CURIAM.

Paul Bradley and Brenda Richey, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Michael J. Goggin, Assistant State's Attorneys, of counsel), for the People.

HARRIE L. HALL, Plaintiff-Counterdefendant-Appellee, *v.* ELIZABETH JOY HALL, Defendant-Counterplaintiff-Appellant.

(No. 58977;

First District (3rd Division)—January 9, 1975.